# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed December 9, 1924.

## NEIGHBORHOOD CORPORATION
## VS.
## PHILIP BLUM.

*Edward S. Stanley* and *J. S. T. Waters* for plaintiff.

*Harry O. Levin* and *Albert H. Blum* for defendant.

DAWKINS, J.—

The Court: I indicated at the close of this case that I felt inclined to follow the ruling I made in a similar case about six months ago. People who sign these agreements have a perfect right to do it and thereby bind themselves, their heirs, representatives and those following them in title.

It is my judgment that it is not only against public policy, but it is in line with public policy that people who own property should have this power and the right to impose upon said property the restriction as to the kind of people who shall own the same.

The case to which I have referred gives my views as to such agreements. I now hold the same view as then expressed as to the right of property owners to bind themselves not to sell or rent their property to persons of any special kind or class.

In this case we have what is specially binding on the defendant the fact that his predecessor in title made the statement in a bill filed by him of a similar character that the seventy-five per cent. required to make it binding upon the parties to the agreement had joined and in effect that the restrictions were binding on·him and others who came after him.

I do not see how he or those coming after him could deny that statement. The law established in 3 H. & J. ought to be binding on him or them. Inasmuch as the predecessor in title has said that this defendant is bound, the necessity for much of the formal proof is eliminated. Moreover, as suggested by counsel for the plaintiff in his argument, if the eight thousand feet represents the total, and that includes the side lines of those houses, certainly the side lines taken off would make the total less thus making the number of feet to make up the seventy-five per cent. less, and so far as any proof was offered, the seventy-five per cent. of the total front feet in the area affected would be maintained. Taking off those side lines would make the necessary total to make up the seventy-five per cent. less.

If that eight thousand feet includes alleys—I understood it did not include alleys—but if it does—that also comes

off in the same proportion; so apparently the proof is quite conclusive.

I do not see how this case differs at all in principle from the case of Burns et al. vs. Williams, Daily Record, March 1st, 1924, that was tried in this Court last February. With the action of the Zoning Board in changing the restrictions under the zoning law and thus preventing Mr. Blum from putting up the building he wanted to erect this Court has nothing to do nor has it anything to do with the difficulty in renting the property so as to make it profitable as unfortunate as that condition might be if it exists. In this particular case the plaintiffs' predecessor in title having made the statement he has in the case in which he was plaintiff and having acquired his property only in February of this year he could not have been surprised in any way by an effort to enforce this agreement to keep out persons as described in this agreement from this area. He bought the property with all its infirmities. He knew of the agreement. I am prepared to sign a decree making the injunction perpetual and carrying out the views expressed.